UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. BLOCH, III, )<br>)<br>Plaintiffs )<br>) CAUSE NO. 3:07-CV-555 RM<br>vs. )<br>)<br>MICHAEL K. BOOKS, )<br>and ALAN H. BEIRLEIN, M.D., )<br>)<br>Defendants ) | |

ORDER

John W. Bloch, III, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 551 U.S. 89, ___; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. at 555, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Bloch alleges that while he was confined at the Elkhart County Jail a spider bit him on the face while he was sleeping. He alleges that this could have been prevented if the jail had been properly exterminated and sanitized. He alleges that he has suffered pain and scarring as a result of this bite wound. He brings this action against Sheriff Michael Books and Dr. Alan Beirlein.

Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes, and although pretrial detainees' rights are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Mr. Bloch does not allege, and based on this complaint it would not be reasonable to infer, that the jail was overrun with spiders.

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). *See also*, Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed

3

contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). The presence of a few spiders in the living environment of an American home "is the type of risk many encounter voluntarily . . . and exposure to it in moderate levels is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks omitted). *See also* Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (exposure to hazards faced daily by members of the public at large do not constitute a violation of the Eighth Amendment.)

Furthermore, Mr. Bloch has not alleged that Sheriff Books was deliberately indifferent to the risk of spiders in the jail. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It isn't enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). Mr. Bloch's allegation that a spider was in the jail is insufficient to establish that Sheriff Books "acted maliciously, intending to punish or injure him . . .." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1993). Therefore Sheriff Books will be dismissed.

Mr. Bloch alleges that Dr. Beirlein saw him and treated his facial injury. He states that he is "suing [D]r. Alan H. Beirlein, M.D., for the scar tissue to which I Mr. John W. Bloch, III have to now wear." DE 1 at 3-4. Mr. Bloch doesn't allege or suggest that Dr. Beirlein denied him medical treatment, nor even that the medical treatment was substandard. Rather he alleges that the day after Dr. Beirlein operated on his face, it "was still swelling and throbbing and was getting worse." DE 1-3 at 10. This doesn't state a claim. As previously explained, to state a claim, Mr. Bloch must allege that the doctor was deliberately indifferent. This complaint does not allege that the doctor did anything wrong. Doctors are not liable because injuries cause pain or wounds take time to heal. Therefore Dr. Beirlein will also be dismissed.

For the foregoing reasons, the Court DISMISSES this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: April  8 , 2009

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: J. Bloch, III